Good morning, your honors. Jeffrey Diamond representing the appellants Millard and Carolyn Walton. Your honors, this is another situation where the North Ridge earthquake revival statute, California Code of Civil Procedures, section 340.9, seems to conflict with other areas of the law. I know that your honors asked us to address issues regarding FRCP rules 19, 20, and 24. And 19 being a compulsive joinder or mandatory joinder and then permissive joinder under Rule 20. And then the rules of intervention under Rule 24. And my response on behalf of the appellants is, I'm all for advising the trustee. Let the trustee make a decision whether this is something that the trustee... You did not, insofar as the record discloses, you did not make any effort to contact the trustee? No, I did not, your honor. And insofar as the record discloses, there was no effort to send this back to the bankruptcy court to have the trustee either assert or waive the claim? That is correct, your honor. Nobody thought about this? That's also correct, your honor. Is that a fair statement? It is a fair statement. The bankruptcy was discharged in March of 2000. This statute, Reviving the Earthquake Claim, did not... You understand the problem you have if you don't bring the trustee in? I mean, basically, you don't have a case. That is the legal argument, certainly on the part of Allstate Insurance Company, that this was property... It's a good argument. It's fair. Well, let's just assume for the sake of argument that we were to find the argument persuasive. And I'm not trying to cut off your ability to argue otherwise, but what would you suggest is the best way to proceed in this case, an appropriate way for us to proceed if we found that argument persuasive? One thing we could do is simply affirm, but I gather you have other ideas in mind. I certainly do. Because certainly, as the briefing has talked about the legislative intent and what the findings were, the California legislature, which gave rise to... Judge Kaczynski, I think, is asking you to assume you lose that argument. Do you have any suggestions, if you were to lose that argument, for how the case still might be saved? Well, I believe that it should be, making those assumptions, certainly it should be referred back to the trustee, let the trustee assess what are the circumstances, and certainly, when the bankruptcy had been filed... Just translate what you're answering to legalese. We don't refer things to the trustee. I take it what you're saying is remand to the district court for reference to the bankruptcy court for consultation with the trustee? Yes, that's exactly right, Your Honor. Did I get it right? Thank you for articulating that for me. I appreciate it. Yes, certainly would be a remand to the district court, and yes, a reference to the trustee, and let the trustee... Bankruptcy court. Bankruptcy court, excuse me. And then the trustee would be contacted and certainly be able to exercise his discretion, the gentleman's name is David Gill, his discretion as to... I know him well. I'm sorry? I know him well. As to whether he wishes to go forward, because certainly it's a viable claim otherwise under applicable California law, and that would be the argument, assuming that the court does find and does affirm that this was property, the bankruptcy estate, which was discharged... Since the time of receiving our order and today, you haven't perhaps called Mr. Gill and asked him? I did not. I tried to follow the court's directive literally and address it. I'm not saying you should have. Yes. I'm just asking, it would be useful to know what his position is in terms of, would be. I mean, for example, you thought, look, I'm done, I'm abandoning the claim, then of course your clients would gain possession of it. Yes, they would. I totally agree. It would be useful to know whether the trustee would want to pursue it. Certainly at that point in time, the trustee, if the trustee knew of the claim, would have contacted theoretically all states and all states would have likely said to them, well, it's too late because we didn't have the revival statute in effect at that point in time. And then there was a discharge prior to the effective date of this revival statute. But I would agree with your honors that certainly the trustee should have that prerogative if in fact that's what the court finds that this claim that had been basically denied back in March of 1994 still remained a contingent non-liquidated asset of the estate. And of course, that's the issue. Do you want to say that the red money will be fine for rebuttal? Yes. Let's see what the insurance company has to say. Thank you, Your Honor. Thank you. I may place the court at John Brooks for the defendant Allstate Insurance Company. The issue raised by the court's oral argument order appears to be whether the district court had a sua sponte duty to inquire into ways of bringing the bankruptcy court or the bankruptcy trustee into the case when the debtor, despite notice of the standing problems, waited a year and never made any attempt to bring the court in. You make it sound so evil. But the fact of the matter is if Allstate, if this claim was revived properly and there is a valid claim saying, let's just say that the wrong party brought it in so it gives a windfall to insurance companies, something well sort of reluctant to do, at least I am. There's no real justice in having an insurance company keep the money. There is an undeniable aspect of potential windfall assuming a meritorious claim. I can't dispute that. So you wouldn't really object to a remand to the district court for reference to the bankruptcy court in order to give the trustee a chance to assert or abandon a claim, would you? We would object to that. We think it's inconsistent with Rule 17. You're more interested in the law than in justice, right? You're not here to achieve abstract justice. You're here to protect the interests of the insurance company. It perhaps will come as no shock to you that my client's motives are self-interested. No, it doesn't. Sometimes it's good to pretend you're interested in justice. Even a noted Supreme Court justice sometimes says it's his job to do law, not justice. So we can't expect more of an insurance company. Anyone we know? Someone you know. Rule 17 appears to be the rule that the Ninth Circuit has applied in recent years to assess the issue of... Let me ask you the question somewhat differently. Let's say we were in a mind to do the right thing in this case. And the claim was brought by somebody in what is arguably a timely fashion, a verbal fashion. It looks like it might be the wrong party. And it looks like this is the kind of thing that could be sold out by sending back to the District Court. Is there any reason for us not to do that? I think there are several reasons why the Court would consider not doing that. One of them has to do with a conflict with Rule 17 that I will point out. Please. Rule 17 is the real party and interest statute. It provides that the court, the action must be prosecuted by the real party and interest, but the court shall not dismiss the cause of action until giving the plaintiff who isn't the real party a reasonable amount of time to cure the problem and also to prove that the failure to name the correct party in the first instance was the result of an honest and reasonable mistake. In the circumstances here, where more than a year elapsed between the issue being raised, the issue of standing being raised, and the ultimate judgment with no attempt by the debtor. What does it mean when the Rule says that the court has to give the plaintiff an opportunity? After what? After determining that he's not the proper party? Or after the opposing side raises a question as to whether he's the proper party? After the opposing party raises the issue of whether he's not the proper party, not after the determination. There is a case on point that arose out of Nevada, the side of the Ninth Circuit, and I will try to find that in my notes before we close the argument. Counsel, are you, from things you mentioned, it sounded like you were familiar with the Dunmore case? Yes. Is that distinguishable? How would you distinguish that from this situation? In footnote 3 of Dunmore, there's an interesting discussion of two alternatives for dealing with the situation where the debtor didn't disclose. One is what Judge Patel did in the underlying case in Dunmore, which was to refer the matter over to the bankruptcy court for determination of whether there should be abandonment of the claim or not. In footnote 3, the court said the normal process, the more usual conclusion, would be to find the debtor judicially stopped under the Hamilton case and others. It found that what Judge Patel did was permissible, albeit a cumbersome alternative to trying to accomplish the goal. And the goal in Dunmore, in footnote 3, appears to be, or the focus of the court's attention is protecting the integrity of the courts and preventing misconduct by the debtor, more so than reaching out and attempting to preserve potential claims of non-parties such as creditors. That would also be consistent with the Hamilton case at 270F3rd, where the court, in a similar situation of non-disclosure, the court's interest was in preserving the integrity of the courts rather than reaching out towards the parties. That doesn't sound like estoppel to me. That sounds more like suppression. You know, like the Miranda suppression rule, which requires evidence to preserve the integrity of the court. Estoppel usually operates for the benefit of the opposing party, the party who was misled by the misstatement or by the failure to come to a real. In this case, if the debtor failed to disclose the claim, the person or the entity that was harmed by that was the trustee and, of course, the creditors. Then the state. Not all state. All state was not in any way prejudiced by the fact that the debtor didn't misdisclaim. Estoppel is really not a particularly good fit. What Your Honor says is true about estoppel in other contexts, but I think not true, respectfully, about judicial estoppel. And I believe the circuit's decision in Hamilton makes clear that judicial estoppel is concerned with protecting the integrity of the courts against debtors who do not disclose their assets and has nothing to do with a requirement of prejudice as against the defendant. Isn't that the kind of determination best made by the bankruptcy court? I mean, we don't really know the circumstances. This is an estoppel, judicial estoppel, because of something said in a bankruptcy case. The issue of judicial estoppel was raised below, and the district court made a finding of judicial estoppel, which under Johnson v. Oregon is reviewed by this court for abuse of discretion. The context was the same in the Hamilton case, where the judicial estoppel finding was made by the district court, not by the bankruptcy court, and that finding was affirmed by the Ninth Circuit. There's an issue of creating a reward, an unintended reward, to a debtor who has not been forthcoming if the court were to reach a result that required remand for further consideration. If the case were sent back down, there are three possible results if the trustee were brought in. One would be the trustee decides to abandon the claims back to the debtor and allow the debtor to pursue them, in which case we have a debtor who has been found to be judicially estopped, who is being potentially rewarded despite their concealment of the cause of action. The second possible result is that the bankruptcy court- Well, I'm not sure you could call it concealment. It could be what they call an honest mistake. It seems to me a perfectly reasonable mistake to think that when you have a claim that is barred by a statute that you don't really have a claim. Well, no evidence was actually put into the record by the plaintiffs to address their state of mind. Well, you don't need any evidence. All you have to know is that they had a claim that was clearly barred by a statute of limitations. The most reasonable conclusion from that is that I don't have any claim. If he'd gone to try to sell that claim to somebody, what would it have been worth? The case law provides that the debtor cannot make a determination himself of whether his claim is worthless or not. Well, but that's not really intended for this type of circumstance. And the law, although we've been assuming that you would prevail on this, and you do have some cases that seem to suggest that, the law is not all that clear that in bankruptcy you're required to list any claim you may have ever had, no matter how long it's been barred by a statute or whether you have any reason to believe you really have a claim. That may be the conclusion, but I don't think you have exactly a strong, clear line of authority that compels that result. I'm not aware of authority that puts a temporal limit. And I suppose that if you're talking about a claim that was 20 years old, that may be different than the facts that we have here. Why? Why is it different? Because the admissions by the plaintiff that are in the record were that as of the time of filing the... He said he thought the insurance company owed him money. Well, he would have thought that even if he'd lost his case. That was his belief, his understanding of what the policy provided. And he thought the insurance company was cheating him. That doesn't mean he thinks his claim is not barred by the statute of limitations. Well, again, I would note that he had the opportunity to make that argument and did not offer any evidence on it. And the court's determination that the debtor's state of mind was sufficient to trigger judicial estoppel is reviewed for abuse of discretion. Well, that wouldn't be very hard to do. I'm sorry, is there a factual component to judicial estoppel? The factual elements of judicial estoppel under New Hampshire v. Maine are assertion of inconsistent positions in the same or alternate proceedings. Was there a hearing in this? Excuse me? Was there a hearing in this? There was the summary judgment motion. You can't make findings in summary judgment motions. I mean, certainly anything factual that this court does in summary judgment is not reviewed for substantial evidence or abuse of discretion. And so he's a no-no. You know, this one gets the guy on the stand. He testifies. He says, look, I find that he deliberately avoided this in order to, listing it in order to hold a claim for himself, hoping that the California legislature would revise the statute of limitations and then he could go in and get the... I mean, I suppose if this court made that finding, you know, that would be subject to substantial evidence review. But depending on the source here, we're in as good a position as the district court to make this decision. Now, if the court is suggesting that judicial estoppel can only be determined after an evidentiary hearing at trial... No, no. Okay. What I'm saying is you want us to give deference to the district court. I'm not sure why. Because... It's not the district court fact finder. You can't have a fact finder in summary judgment, right? So it's not that kind of deference. Well, if there had been conflicting facts offered by the plaintiffs, that would be a different situation where you have tribal issues that preclude summary judgment. But here the only evidence was the evidence of the plaintiffs' own admissions. Given the standard review under Johnson, I think it's not a substantial evidence issue but a... What admissions are you referring to? The admission that at the time of filing the bankruptcy, they believed that Allstate owed them money. Oh. And I think they probably still believe it today. So what does that prove? They'll probably go to their graves believing that Allstate owes them money. And Allstate probably did owe them money. What it proves is they subjectively believe they had a contingent or unliquidated claim that should have been... That's a difference. That's a different thing. Did they ask whether they believed they had a valid legal claim at the time of the bankruptcy? That is not in the record, Your Honor. No, I wouldn't think so. I see that my time has expired. Thank you for your consideration. Thank you, counsel. Very briefly, Your Honors. How do we get from here to there? Well, I respectfully urge on my client's behalf, first of all, these are simple, unsophisticated people, and I know we're ascribing certain conduct to them that would be so sophisticated that there would be all this grand scheme and plan, and that's not what happened, especially with a revival statute that went into effect after the bankruptcy had been discharged. But in terms of Rule 17a... There doesn't have to be any wrongdoing on their part. I mean, they could, in perfect good faith, have failed to this. They said, look, this is by their staff's limitations, and I don't list it. And nevertheless, once the statute revives the claim, the claim would, in fact, belong to the trustee as a matter of law. I'm not asking you to admit that it would. I'm just saying it would belong to the trustee or not, regardless of whether they intended to lie or intended to conceal anything. Their state of mind in failing to list it is really not as positive, right? I agree with that. So in response to Your Honor's question, I think integrating the interests of the trustee with the realities of Coastal Procedure Section 340.9, the revival statute, I believe does urge and compel that we remand this to the district court, and then with a reference to the bankruptcy court, and permit the trustee to either join, intervene, or abandon. And then there is, you know, talking about the law versus justice, then there is an opportunity for the law and the justice and justice to work. Because if there is a meritorious claim, and in fact, if Allstate does owe additional sums or any sums to the Waltons, then that can be determined on its merits. And on that basis, I respectfully submit and respectfully urge a reversal and remand. Thank you, Your Honors. Thank you. Case 340 will be submitted.
judges: Reinhardt, Kozinski, Ikuta